# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **RAOUL NEWMAN,** | : |
| | : **Civil Action Number:** |
| Plaintiff, | : |
| | : |
| vs. | : **Jury Trial Demanded** |
| | : |
| **CLARK PATTERSON ENGINEERS, SURVEYOR, ARCHITECTS AND LANDSCAPE ARCHITECT, D.P.C.,** | : |
| | : |
| Defendant. | |

## COMPLAINT

Plaintiff Raoul Newman ("Mr. Newman"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Clark Patterson Engineers, Surveyor, Architects and Landscape Architect, D.P.C. ("Clark Patterson") and shows the Court as follows:

## INTRODUCTION

1.

Mr. Newman brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation; (2) an additional like amount as liquidated damages; and (3) and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

1

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Clark Patterson is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Newman resides in Cobb County, Georgia.

5.

Clark Patterson employed Mr. Newman as a Code Enforcement Manager in and around Brookhaven, Dunwoody, Avondale and Doraville, Georgia from January 18, 2013 until July 14, 2014.

6.

During the relevant time period, two or more employees of Clark Patterson, including Mr. Newman, used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate

computer networks, interstate traveling systems and interstate banking services that included transactions across state lines.

7.

During the relevant time period, , two or more employees of Clark Patterson, used or handled the following materials that moved in interstate commerce that are necessary for performing Clark Patterson's commercial purpose: computers, office furniture, cell phones, vehicles and gasoline.

8.

At all times material hereto, Mr. Newman was an "employee" of Clark Patterson as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about January 18, 2013 until July 14, 2014, Mr. Newman was "engaged in commerce" as an employee of Clark Patterson as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

Clark Patterson is a corporation organized under the laws of the State of New York.

11.

At all times material hereto, Clark Patterson was an "employer" of Mr. Newman as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about January 18, 2013 until July 14, 2014, Clark Patterson was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2013, Clark Patterson had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, Clark Patterson had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Clark Patterson had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2014, Clark Patterson had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Clark Patterson had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, Clark Patterson had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

At all times material hereto, Clark Patterson has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

20.

Clark Patterson is subject to the personal jurisdiction of this Court.

21.

Clark Patterson's principal office is located at 205 St. Paul Street, Suite 500, Rochester, New York 14604-1122.

22.

At all times relevant hereto, Mr. Newman worked out of Clark Patterson's office located at 350 Town Center Avenue, Suite 201, Suwanee, Georgia 30024.

23.

Clark Patterson may be served with process at 350 Town Center Avenue, Suite 201, Suwanee, Georgia 30024.

24.

At all times material hereto, Mr. Newman was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

25.

At all times material hereto, Clark Patterson did not employ Mr. Newman in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Clark Patterson did not employ Mr. Newman in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, Clark Patterson did not employ Mr. Newman in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, Clark Patterson did not employ Mr. Newman in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

29.

During the relevant time period, Mr. Newman did not exercise discretion in making significant business decisions.

30.

During the relevant time period, Mr. Newman's primary duty was to inspect commercial and residential structures for code compliance.

31.

During the relevant time period, Mr. Newman followed a protocol set by Defendant and its clients.

32.

Mr. Newman's discretion is making decisions was limited and circumscribed by the policies and procedures set out by Defendant and its clients.

33.

Because Mr. Newman was merely following a cookie cutter protocol without significant discretion, his primary duty was not exempt under the FLSA.

34.

At all times material hereto, Defendant misclassified Mr. Newman an exempt employee.

35.

During the relevant time period, Mr. Newman often worked beyond the time that he clocked out with the knowledge of Defendant.

36.

Clark Patterson failed to pay Mr. Newman for work, including drive time, he performed in excess of forty (40) hours in each work week from January 18, 2013 until July 14, 2014.

## COUNT I — FAILURE TO PAY OVERTIME

37.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

38.

At all times material hereto, Mr. Newman has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

39.

During his employment with Defendant, Mr. Newman regularly worked in excess of forty (40) hours each week.

40.

Defendant failed to pay Mr. Newman at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 18, 2013 through July 14, 2014.

41.

Defendant willfully failed to pay Mr. Newman at one and one half times his regular rate for work in excess of forty (40) hours in any week from January 18, 2013 through July 14, 2014.

42.

Mr. Newman is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

43.

As a result of the underpayment of overtime compensation as alleged above, Mr. Newman is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the underpayment of overtime compensation as alleged above, Mr. Newman is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Mr. Newman respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | *DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC* |
|  | *S/ MICHAEL A. CALDWELL*<br>MICHAEL A. CALDWELL<br>GA. BAR NO. 102775 |
| 3100 CENTENNIAL TOWER<br>101 MARIETTA STREET<br>ATLANTA, GEORGIA 30303<br>(404) 979-3150<br>(404) 979-3170 (f)<br>michaelcaldwell@dcblegal.com<br>charlesbridgers@dcbflegal.com<br>woodydelong@dcbflegal.com | *S/CHARLES R. BRIDGERS*<br>CHARLES R. BRIDGERS<br>GA. BAR NO. 080791<br><br>*S/ EARNEST H. DELONG*<br>EARNEST H. DELONG<br>GA. BAR NO. 217300 |
|  | **COUNSEL FOR PLAINTIFF** |