**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

RAOUL NEWMAN,
              *PLAINTIFF*,

        **VS.**

CLARK PATTERSON ENGINEERS,
SURVEYOR, ARCHITECTS AND
LANDSCAPE ARCHITECT, D.P.C.,
              *DEFENDANT.*

CIVIL ACTION FILE NO.:
1:14-CV-2491

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff Raoul Newman ("Plaintiff" or "Newman") and Defendant Clark Patterson Engineers, Surveyor, Architects and Landscape Architect, D.P.C. ("Defendant" or "Clark Patterson"), jointly request that this Court approve the parties' settlement of the above captioned matter. This is a Fair Labor Standards Act ("FLSA") case, and this Joint Motion is filed pursuant to *Lynn's Foods Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) and *Silva v. Miller*, 307 Fed. Appx. 349 (11th Cir. 2009). Because Plaintiff's claims arise under the FLSA, the parties' settlement must be approved by this Court and said approval must be entered as a stipulated final judgment. The parties jointly agree and propose to this Court that their settlement is a "fair and reasonable

resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. In support of their motion, the parties show as follows:

## I.    __Legal Principles__

Pursuant to the case law regarding the settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an alleged employee against an alleged employer under Section 216(b) of the FLSA (such as this one), an alleged employee may settle and release FLSA claims against an alleged employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *See id.*

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an

> attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the parties' settlement to resolve and release Plaintiff's FLSA and other claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against the Company with which he formerly worked, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The parties agree that the instant action involves disputed issues. The parties further agree that the settlement negotiated and reached by the parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The parties then engaged in settlement discussions, based upon

their independent calculations. The parties, through their attorneys, acted at arms' length and in good faith voluntarily agreed to the terms of the settlement during negotiations. Defendant denies that Plaintiff is owed wages, overtime payments, exemplary damages, attorneys' fees, or any other amounts, but agrees to the terms of the settlement agreement for purposes of resolving this action and to avoid further expenses associated with continued litigation. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## II. <u>Facts of the Case</u>

On August 1, 2014, Plaintiff filed an action against Defendant alleging that he was a non-exempt employee of Defendant and was entitled to unpaid overtime compensation. (Docket No. 1). Subsequently, Defendant filed an Answer to Plaintiff's Complaint on September 16, 2014, denying that Plaintiff was entitled to any overtime compensation and denying all allegations of wrongdoing or liability. (Docket No. 10). The parties engaged in written discovery. Thereafter, arms-length negotiations occurred, and the parties reached a settlement in which both sides compromised their positions in order to avoid any continued litigation.

## III. <u>Terms of the Settlement</u>

The terms of the Confidential Settlement and Waiver/Release Agreement

(the "Agreement") between the parties is provided to the Court under separate cover. If approved, the Agreement will provide Plaintiff with monetary consideration without the risk that he will recover nothing in this action or that any verdict would be overturned on motion or appeal by Defendant on the issue of the underlying FLSA exemption. Further, Plaintiff acknowledges that the relevant time sheets are such that actual amount of hours worked by Newman are at issue.

The parties negotiated an agreement as to the Plaintiff's recovery separately from the consideration of the fees of plaintiff's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009) (indicating that, if the plaintiff's recovery is negotiated independently from the matter of the amount of a reasonable attorney's fee, there is greater assurance that the lawyer's fee has not influenced the amount to be recovered by the plaintiff). The amount of attorney fees agreed upon is approximately 70% of the total amount recorded by Plaintiffs' counsel (and their staff) at rates reasonable for this District. The amount paid to the Plaintiff in this settlement was not reduced because of the attorney fees and costs.

WHEREFORE, Plaintiff Newman and Defendant Clark Patterson respectfully request that this Honorable Court review the Settlement Agreement

between the parties and enter an Order approving the settlement of this matter. Plaintiff will file a Dismissal with Prejudice within three business days after receiving the payment called for by the Settlement Agreement. This Dismissal with Prejudice will provide that each party shall bear its own costs and attorney fees, other than as agreed upon in the Settlement Agreement.

Respectfully submitted this 18th day of May, 2015.

| | |
|---|---|
| */s/Michael A. Caldwell (with permission)* | */s/ Jeffrey J. Calabrese* |
| Michael A. Caldwell, Esq. | Jeffrey J. Calabrese, Esq. |
| Georgia Bar No. 102775 | Admitted *pro hac vice* |
| *Attorney for Plaintiff* | *Lead counsel for Defendant Clark* |
| DELONG CALDWELL BRIDGERS & | *Patterson* |
| FITZPATRICK, LLC | HARTER SECREST & EMERY LLP |
| 101 Marietta Street, Suite 3100 | 1600 Bausch & Lomb Place |
| Atlanta, Georgia 30303 | Rochester, New York 14604 |
| Telephone: (404) 979-3150 | Telephone:  (585) 231-6500 |
| Facsimile: (404) 979-3170 | Facsimile: (585) 232-2152 |
| Email: michaelcaldwell@dcblegal.com | Email:  jcalabrese@hselaw.com |

*/s/ Matthew W. Clarke*
Matthew W. Clarke, Esq.
Georgia Bar No. 127430
*Local Counsel for Defendant*
SMITH, GAMBRELL & RUSSELL LLP
1230 Peachtree Street, N.E.
Suite 3100, Promenade
Atlanta, Georgia 30309
Telephone: (404) 815-3767
Fascimile: (404) 815-3509
Email: mclarke@sgrlaw.com

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAOUL NEWMAN,
       *PLAINTIFF*,

       **VS.**              CIVIL ACTION FILE NO.:
                              1:14-CV-2491

CLARK PATTERSON ENGINEERS,
SURVEYOR, ARCHITECTS AND
LANDSCAPE ARCHITECT, D.P.C.,
       *DEFENDANT.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW** was electronically filed this 18th day of May, 2015 with the Clerk of the Court using the CM/ECF system, which will send a true and accurate copy to Plaintiff's counsel of record:

    Charles R. Bridgers
    Michael A. Caldwell
    DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC
    101 Marietta Street, Suite 3100
    Atlanta, Georgia 30303
    Email: charlesbridgers@dcbflegal.com
    Email: michaelcaldwell@dcbflegal.com


                           /s/ Matthew W. Clarke

SMITH, GAMBRELL & RUSSELL LLP    Matthew W. Clarke, Esq.
1230 Peachtree Street, N.E.          Georgia Bar No. 127430
Suite 3100, Promenade              *Local Counsel for Defendant*
Atlanta, Georgia 30309              *Clark Patterson*
Email: mclarke@sgrlaw.com